JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Justin Winders,<br>Petitioner,<br>v.<br>United States of America,<br>Respondent. | No. CV-24-03052-PHX-JAT (ESW)<br><br>**ORDER** |

On November 4, 2024, Petitioner Michael Justin Winders, who was then confined in the Federal Correctional Institution-Phoenix, filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). On December 9, 2024, Petitioner filed a Notice of Change of Address indicating he is now in custody in the Federal Correctional Institution (FCI) in Forrest City, Arkansas, and on December 12, 2024, he paid the filing fee.

In the Petition, Petitioner names the United States as the Respondent and challenges the Federal Bureau of Prisons' calculation of his sentence with respect to credit for time served when he was in the custody of the United States before his sentencing.

Generally, a court's jurisdiction over a § 2241 petition is not destroyed by a prisoner's subsequent transfer because a writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *See Braden v. 30th Jud. Circuit Ct. of Kentucky*, 410 U.S. 484, 494–495 (1973). Accordingly, jurisdiction over a § 2241 petition attaches when a petitioner files a petition in his district of confinement and names his

custodian. *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005). However, in this case, Petitioner failed to name his custodian at FCI-Phoenix in the Petition.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"). "The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld*, 542 U.S. at 434. Here, because Petitioner named the United States as Respondent, this Court never had jurisdiction over Petitioner's custodian at FCI-Phoenix. Since Petitioner has been transferred, the proper Respondent is Petitioner's custodian at FCI-Forrest City.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." *Braden*, 410 U.S. at 495. Thus, jurisdiction over the Petition lies in this Court only if it has jurisdiction over Petitioner's custodian. *See Padilla*, 542 U.S. at 442.

This Court lacks jurisdiction over Petitioner's custodian because Petitioner is confined in Arkansas. "The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443. Petitioner therefore must bring his § 2241 Petition in Division 2 of the United States District Court for the Eastern District of Arkansas.

In the interest of justice, the Court will transfer the Petition to Division 2 of the United States District Court for the Eastern District of Arkansas. *See* 28 U.S.C. §§ 1404, 1406; *Gherebi v. Bush*, 374 F.3d 727, 739 (9th Cir. 2004) ("exercising jurisdiction" over habeas petition to "transfer[] the proceedings to the appropriate forum").

**IT IS ORDERED** that the Clerk of **Court must transfer** this action to Division 2 of the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1406(a). The Clerk of Court **must close** this case.

Dated this 20th day of December, 2024.

_____
James A. Teilborg
Senior United States District Judge