IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| MICHAEL JUSTIN WINDERS,<br>Reg. #57321-509, | *<br>*<br>* | |
| Petitioner, | * | |
| v. | * | No. 2:24-cv-00226-JJV |
| | * | |
| CRAIG STALHOOD, Acting Warden,<br>FCI – Forrest City Low, | *<br>* | |
| | * | |
| Respondent. | * | |

**ORDER**

Petitioner Michael Justin Winders, *pro se*, filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 4, 2024. (Doc. No. 1.) In it, Mr. Winders challenged the Bureau of Prison's ("BOP") calculation of his federal sentence claiming he was denied state custody credit against his federal sentence. (*Id*. at 2-3.) Respondent filed his Response on February 10, 2025, and argued that Mr. Winders was not entitled to the credit he sought. (Doc. No. 11.) But because Petitioner provided persuasive evidence that his claims might have had some merit, I ordered Respondent to supplement his Response with exhibits detailing Mr. Winders' detention history and the outcome of state cases relevant to this proceeding. (Doc. No. 12.)

Now pending before the Court is Respondent's Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 14.) Respondent explains the BOP *recalculated* Mr. Winders' sentence, and Mr. Winders was released from BOP custody on February 26, 2025. (*Id*. at 1.) The BOP Inmate Locator confirms he was released on this date.[1]

---

[1] See https://www.bop.gov/inmateloc//.

Respondent argues that because Mr. Winders has been released from BOP custody, Mr. Winders cannot be awarded the jail time credit he seeks, and his Petition should be dismissed as moot. (*Id*. at 2.) I agree with Respondent. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). This means that a litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). If a change in circumstances during the pendency of a habeas petition means that it no longer presents a case or controversy, the petition becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The release of Mr. Winders from BOP custody after recalculating his sentence has rendered his § 2241 Petition moot.

IT IS, THEREFORE, ORDERED that:

1.  Respondent's Motion to Dismiss (Doc. No. 14) is GRANTED.

2.  Mr. Winders' Petition for Writ of Habeas Corpus be DISMISSED as moot.

SO ORDERED this 4th day of March 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE